Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONNY H. CROOK,**
**D.O.C. # 275129,**

    **Plaintiff,**

vs.                                                                            Case No.  4:22cv390-WS-MAF

**WAKULLA C.I. - MAIN UNIT,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, sought to initiate this case by submitting a civil rights complaint, ECF No. 1.  However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion.  An Order was entered on November 3, 2022, advising Plaintiff that he could not proceed with this case until he either paid the fee or filed an in forma pauperis motion.  ECF No. 3.  Plaintiff's deadline to comply was December 5, 2022.  *Id.*

In addition, Plaintiff's complaint was deemed insufficient to proceed. Beyond filling out pages 1 and 2 of the form, and signing the last page, the complaint was blank.  ECF No. 1.  Plaintiff was also required to file an

amended complaint on the court form and include his litigation history. ECF No. 3.  Again, Plaintiff's deadline to comply was December 5, 2022.

On November 8, 2022, Plaintiff submitted a document entitled "writ of mandmus [sic]," ECF No. 4, in which Plaintiff requests the issuance of several court orders.  That document was not responsive to the first Order entered in this case.  As of this date, nothing further has been received from Plaintiff, nor has Plaintiff requested additional time to comply with the first Order, ECF No. 3.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). In this case, Plaintiff was forewarned about the consequences of failing to comply with the Order. ECF No. 3. Because Plaintiff did not comply and has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on December 15, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**